**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLISON KORMAN, | : | CIVIL No.: 3:21-CV-01516 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE POLICE | : | |
| HONESDALE BARRACKS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. Introduction.

Plaintiff Allison Korman ("Korman") brings claims of libel, slander, and civil rights violations against the defendants—Trooper Nicholas Scochin ("Scochin") and the Pennsylvania State Police Honesdale Barracks ("PSP"). The defendants have filed a motion for a more definite statement under Fed. R. Civ. P. 12(e) seeking basic details about Korman's claims. Because the defendants should be provided with those basic details, we will grant the motion for a more definite statement and order Korman to file an amended complaint.

### II. Background and Procedural History.

Korman, a pro se plaintiff, began this action by filing a complaint against Scochin and the PSP in the Court of Common Pleas of Wayne County,

Pennsylvania. *Doc. 1-2*.  Korman's statement of her claim in her complaint is brief.  It reads in its entirety:

> Honesdale station violated my civil rights, numerous times,
> with intentional malice.  Honesdale committed libel against me
> 3 times, resulting in loss of income, loss of vision, pain and
> suffering, and violation of my rights after filing a sodomy rape
> report.

*Doc. 1-2* at 5.  Korman is seeking monetary damages. *Id*.  The defendants removed the action to the United States District Court for the Middle District of Pennsylvania. *Doc. 1*.  The parties subsequently consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 16*.

The defendants filed a motion for a more definite statement with a brief in support of that motion on September 9, 2021. *Docs. 5, 6*.  The defendants contend that the complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and that Korman should be ordered to file an amended complaint that identifies the claims she is asserting, the defendant or defendants implicated, and the precise actions of each defendant that allegedly violated her rights. *Doc. 6*.  We ordered Korman either to file a brief in opposition to the defendants' motion for a more definite statement or to file an amended complaint by October 11, 2021. *Doc. 8*.  Korman then filed a document titled "Plaintiff's Answer to Motion for a More Definite Statement"

and another document titled "Plaintiff's Motion and Brief in Support of Motion to Change Compensatory and Punitive Damages." *Docs. 9, 10*.[1]  Korman later filed a motion for discovery without a brief in support of that motion. *Doc*. 11.[2]

The defendants then filed a reply brief in support of their motion for a more definite statement. *Doc. 12*.  In the defendants' reply brief to Korman's first "answer," they continue to seek a more definite statement from Korman. *Id.* at 1.  Specifically, they seek clarification on Korman's claims she is asserting, the defendants implicated, and the precise actions of each defendant that allegedly violated her rights. *Id.* at 2, 4.

Korman then filed, without leave of court, several additional documents: a document she titled as "Plaintiff's Second Answer to the Motion for a More Definite Statement," a document titled "Plaintiff's Brief Asking To Amend Second Statement Filed," and a letter addressed to the court. *Docs. 13, 14, 15*.

---

[1] To the extent that Document 10 is construed as a motion for leave to amend the complaint, we will grant that motion to the extent that Korman will be ordered to file an amended complaint consistent with the rest of this Memorandum Opinion.

[2] By a separate order, we have deemed that motion withdrawn because Korman has not filed a brief in support of that motion as required by M.D. Pa. L. R. 7.5.

### III.  Motion for More Definite Statement.

Defendants contend that Korman's complaint violates Fed. R. Civ. P. 8(a) because her complaint fails to set forth a short, plain statement of her claim. *Doc. 6* at 3, 4.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).  Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The Rule requires that the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

A motion for a more definite statement will generally be granted "'only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" *Synagro-WWT, Inc. v. Rush Township*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002) (quoting *SEC v. Saltzman*, 127 F. Supp. 2d 660, 668 (E.D. Pa. 2000)).  "The United States Court of Appeals for the Third Circuit has, however, highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a

plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atlantic Freight Systems, Inc.*, No. 1:11- CV-01954, 2013 WL 1308235 at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted*, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013).  In that circumstance, "'the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.'" *Id.* (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)).  "The decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).  In civil rights cases, "*pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety." *Gary v. Pa. Dep't of Labor and Indus.,* No. 1:13-CV-2540 (M.D. Pa. 2014), *report and recommendation adopted*, 2014 WL 2720805 (M.D. Pa. June 13, 2014).

In this case, the defendants contend that they are unable to file a responsive pleading due to the lack of clarity in Korman's complaint and subsequent filings. *Doc. 12* at 1, 2.  Specifically, they request that their motion for a more definite statement be granted. *Id.* at 1, 4.

Korman's complaint lists libel, slander, and violation of civil rights as her claims. *Doc. 1-2* at 4.  But considering the allegations in the complaint, we can't determine the precise nature of Korman's claims because her complaint does not specify how each defendant caused harm to Korman.  The defendants have not been provided fair notice of the nature of Korman's claims and of the grounds for those claims.  Further, Korman's numerous additional filings fail to clarify her allegations.  Moreover, this court may not address the factual allegations in those filings. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).  '"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Id.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

Accordingly, for the foregoing reasons, we will grant the defendants' motion for a more definite statement and require Korman to file an amended complaint containing the details requested by the defendants, i.e., her specific claims, the defendants implicated, and the defendants' direct role in each alleged violation.

For Korman's benefit in filing an amended complaint, we will set forth basic pleading standards.  Korman's amended complaint must comply with the pleading requirements of Fed. R. Civ. P. 8.  "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  "This already liberal standard is 'even more

pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id.* Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id.*

Nevertheless, a pro se complaint still must comply with the basic pleading requirements of Rule 8. Federal Rule of Civil Procedure 8 requires, among other things, that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(a)(3). Rule 8 also requires that each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Korman should not assume that the court and the defendants are aware of the events at issue; rather, she should draft her amended complaint "as if [she] were telling a story to people who knew nothing about [her] situation."

*Wrhel v. United States*, No. 16-CV-758-JDP, 2017 WL 4352088, at *2 (W.D. Wis. Sept. 29, 2017).

      "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson*, 551 U.S. at 93.  Under Rule 8, detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

      In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch.*

*Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . .

plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen.*

*Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526

(1983).

A well-pleaded complaint must contain more than mere legal labels and

conclusions.  Rather, it must recite factual allegations sufficient to raise the

plaintiff's claimed right to relief beyond the level of mere speculation.  In

practice, consideration of the legal sufficiency of a complaint entails a three-step

analysis:

> First, the court must "tak[e] note of the elements a plaintiff
> must plead to state a claim."  Second, the court should identify
> allegations that, "because they are no more than conclusions,
> are not entitled to the assumption of truth."  Finally, "where
> there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they
> plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and

citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

Any amended complaint must be titled as an amended complaint and must

contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is

advised that any amended complaint must be complete in all respects." *Young v.*

*Keohane*, 8 09 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading

which stands by itself as an adequate complaint without reference to the

complaint already filed." *Id*.  "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d at 82.  "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*.  In other words, if an amended complaint is filed, the complaint will have no role in the future litigation of this case.

For Korman's benefit, we will also set forth some general standards for two legal concepts that may assist her in formulating an amended complaint—the Eleventh Amendment and personal involvement regarding 42 U.S.C. § 1983 claims.

### Eleventh Amendment.

To the extent that Korman is considering suing the PSP, the PSP would have Eleventh Amendment immunity.  "Our federalist system of government accords respect for the sovereignty of the States in a variety of ways, including the Eleventh Amendment to the United States Constitution, which immunizes States from suits brought in federal court by both their own citizens and citizens of other States." *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 81 (3d Cir. 2016).  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted '"to stand not so much for what it says, but for the presupposition . . . which it confirms."' *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)).  That presupposition is that each state is a sovereign entity in our federal system and it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.*

"Immunity from suit in federal court under the Eleventh Amendment is designed to preserve the delicate and 'proper balance between the supremacy of federal law and the separate sovereignty of the States.'" *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999)).  It "serves two fundamental imperatives: safeguarding the dignity of the states and ensuring their financial solvency." *Id.*  It serves those interests by barring suits against the nonconsenting states. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (stating that "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

There are two circumstances when the Eleventh Amendment does not bar a suit against a state or state agency.[3]  First, a state may waive its Eleventh Amendment immunity by consenting to suit. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).  Second, Congress may abrogate a state's Eleventh Amendment immunity when it unequivocally intends to do so and when it acts pursuant to a valid grant of constitutional authority. *Geness v. Admin. Off. of Pennsylvania Cts.*, 974 F.3d 263, 269–70 (3d Cir. 2020).  The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("Pennsylvania has not waived its sovereign immunity defense in federal court.").  And 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern*

---

[3] Additionally, under *Ex parte Young*, claims against a state official in his or her official capacity for prospective injunctive relief are not barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123 (1908). But *Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993).

*v. Jordan*, 440 U.S. 332 (1979).  The PSP is entitled to Eleventh Amendment immunity. *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011).


### Personal Involvement under 42 U.S.C. § 1983.

We note the following regarding actions brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, *respondeat superior*[4] cannot form the basis of liability. *Jutrowski v. Twp.*

---

[4] "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago*, 629 F.3d at 128 (quoting *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 692 (1978)).

*of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).  In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.  And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008).  Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Third Circuit has "recognized that 'there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago*, 629 F.3d at 129 n.5).

"Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced'

in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997) (footnote omitted), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

To set forth a claim for supervisory liability under the policy-and-practice strand of supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Id.* at 227 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). "Put another way, the inmate must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury." *Id.*

## IV.  Conclusion.

For the foregoing reasons, we will grant the defendants' motion (*doc. 5*) for a more definite statement, and we will order Korman to file an amended complaint.  An appropriate order will be issued.


<u>**S/Susan E. Schwab**</u>
Susan E. Schwab
United States Magistrate Judge